UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LAWRENCE P. CHRISTIANSEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHATHAM COUNTY JAIL staff ) <br> and control room on 8-23-13 at ) <br> around 10:00 a.m., ) <br> ) <br> Defendants. ) | Case No. CV413-279 |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, inmate Lawrence P. Christiansen sues Chatham County, Georgia jail officials under 42 U.S.C. § 1983 for denial of his medical care.[1] Doc. 1. He alleges that on August 23, 2013, he was being escorted through the jail and was using a cane. Doc. 1 at 5. His words:

---

[1] Since he has completed his *in forma pauperis* (IFP) paperwork, docs. 5 & 6, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to *sua sponte* dismiss a claim of a plaintiff proceeding IFP for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief) and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are

> As I stepped into the open door [of a "booking area" or someplace near that, he does not say] one of the [jail] officers stepped in behind me[,] blocking me from stepping through the door as the control room officer closed the door on us. I was not knocked over but I was twisted in an awkward position and my right arm was instantly shooting pain. I was asked by a female officer if I needed to go to medical. All I was feeling was the sharp pain in my right arm but when that pain in my arm subsided my lower back and my left leg hurt so badly I could hardly walk. The walk from the booking area to where I am housed. It was all I could do to just walk and the pain level never goes below a 7 on the 0 to 10 scale. I have made several trips to medical and they tell me the pain medication, Altrim, and the muscle relaxer, Flexeril, are the strongest they can give me. I have an unanswered request for an Epidural and an appointment with a neurosurgeon to see if an operation is in order. I have been given a wheelchair and without it I wouldn't be able to get from one place to another. And the harassment from other inmates is equally unfair.

Doc. 1 at 5-6; *see also id.* at 2 ("I requested that [I] get permission to have an Epidural done by a Neurosurgeon. But I was told by PC Landing that request [sic] has never been done before."). Christiansen wants "the treatment it takes to correct the damage that was done by the

---

thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

incident of the sliding door." *Id.* at 6. He also seeks punitive damages. *Id.* These legal standards apply:

> Prison officials violate the Constitution when they act with deliberate indifference to an inmate's serious medical needs, giving rise to a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). To prevail on a claim of deliberate indifference, a plaintiff must show (1) a serious medical need; (2) deliberate indifference to that need on the part of the defendant; and (3) causation between the defendant's indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir.2009). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1307 (quotation omitted). Alternatively, a plaintiff can establish a serious medical need by showing that a delay in treatment worsened his condition. *Id.*

*Baez v. Rogers*, 522 F. App'x 819, 820-21 (11th Cir. 2013); *Wallace v. Sheriff*, 518 F. App'x 621, 622-23 (11th Cir. 2013) (jail nurse was not deliberately indifferent to prisoner's serious medical needs regarding his back pain, where prisoner was urged to visit medical unit to address his pain, nurse applied ice packs to his back, he was provided with a wheelchair and later a walker, he was promptly seen by doctor who performed an X-ray and provided pain medication, nurse arranged for prisoner to see a neurological specialist, and prisoner was permitted to

3

remain in medical unit, where he was cared for, until he left the jail); *Farrow v. West*, 320 F.3d 1235, 1243-44 (11th Cir. 2003).

A mere difference of opinion regarding the preferred course of medical treatment does not establish an Eighth Amendment violation. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991) (a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment); *Simpson v. Holder*, 200 F. App'x 836, 839-40 (11th Cir. 2006); *Gillen v. D'Amico*, 237 F. App'x. 173, 174 (9th Cir. 2007) (difference of opinion between state inmate, whose leg had been amputated, and his treating physicians as to whether he needed a new prosthetic leg and the preferred course of treatment, did not constitute deliberate indifference to inmate's serious medical need in violation of the Eighth Amendment); *Mosley v. Jarriel*, 2014 WL 1653089 at * 3 (S.D. Ga. Apr. 24, 2014) ("It is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate.").

Plaintiff thus must plead facts showing that he had an objectively serious medical need *and* that each defendant's "response to that need

was poor enough to constitute an unnecessary and wanton infliction of pain," *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011), or risk of serious damage to future health. *Roe v. Elyea*, 631 F.3d 843, 858 (7th Cir. 2011); *Jackson v. Phillips*, 2013 WL 4647337 at * 1 (S.D. Ga. Aug. 29, 2013). Christiansen thus must plead facts showing that a *given* defendant (he identifies no one in particular) was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that] he . . . dr[e]w the inference." *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (quotes and cite omitted); *Newsome v. Chatham County Detention Center*, 256 F. App'x 342, 346 (11th Cir. 2007). He has not. At most he pleads a disagreement over the type of pain meds and specialty care to which, in his *lay* opinion, he feels he's entitled.[2] Under long-settled case law, that's not enough.

---

[2] Granted, the "we haven't done that before" response he cites is not exactly what one would expect. Nevertheless it is the functional equivalent of a "no, we're not going to grant your request." Plaintiff's words: "I have made several trips to medical and they tell me the pain medication, Altrim, and the muscle relaxer, Flexeril, are the strongest they can give me." Doc. 1 at 6. That shows that he received medical care but he disagrees with its reach. That, in turn, means that this is a "mere disagreement" case, and not a "conscious disregard" case. If plaintiff has any additional facts that would elevate his claim into the realm of deliberate indifference (which requires the culpable mental state of *actual knowledge* that the chosen course of treatment is utterly ineffectual given the obvious seriousness of his medical condition), then he may state facts establishing that essential subjective element in any objection that he wishes to file with the district judge.

Given that Christiansen fails to state a claim of *deliberate indifference* to his serious medical needs, his case should be **DISMISSED**. *Cf. Simmons v. Edmondson*, 225 F.App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).

Plaintiff must also pay his $350 filing fee.[3] His furnished account information shows that he has had a negative balance in his prison account during the past six months. Doc. 5. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

---

[3] The $400 filing fee consists of the $350.00 statutory fee per 28 U.S.C. § 1914(a), plus the additional $50.00 administrative fee adopted by the Judicial Conference under § 1914(b). *Fanning v. Wegco, Inc.*, ___ F. Supp. 2d ___, 2013 WL 6098404 at * 4 n. 4 (D.D.C. Nov. 21, 2013). Those granted *in forma pauperis* status under 28 U.S.C. § 1915 are exempt from the $50 administrative fee. *Hwang Woojin v. Head Administrator (Warden)*, 2014 WL 1155430 at * 1 (D.N.J. Mar. 21, 2014); *Polston v. Mississippi County Judge*, 2013 WL 6836867 at * 1 n. 1 (E.D. Ark. Dec. 24, 2013).

6

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this 8th day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA